*Pirtle & McPhearson, for appellant.*

*J. H. Wilkinson, for appellee.*

---

MARY A. BOWEN *v.* NATIONAL INSURANCE COMPANY.

**Insurance—Premium Note—Venue.**

> Where an insurance company which had not complied with the law of Kentucky, executed a policy to a citizen of Kentucky, took her premium note therefor and delivered the policy to her in the state of Ohio, recovery may be had on such policy either in the state of Ohio or in Kentucky.

APPEAL FROM CAMPBELL CIRCUIT COURT.

April 3, 1874.

OPINION BY JUDGE PRYOR:

There is no reason presented for disturbing the judgment. The two paragraphs in the answer may be regarded as presenting valid defenses; and we are inclined to think they do. Still, under the instructions given by the court below; the appellant had the full benefit of all the defense she had from her own statement. Although foreign insurance companies have no right to transact business in the state without complying with the law, yet in this case it appears that the contract of insurance, including the execution of the note and the delivery of the policy, all took place in the state of Ohio. No agent of the company seems to have been soliciting any such business within the state of Kentucky; nor is there anything in the proof showing that the company was evading the law of the state. The insurance laws were enacted more for the protection of the insured, than as a source of revenue. Here, the assured left the state and entered into a contract, valid by the laws of Ohio, and upon which a recovery could have been had of the company in the event of loss, either in the state of Ohio, or in this state. The jury were told that if the transaction took place in Kentucky, or if the policy was even delivered in Kentucky that no recovery could be had. This was the law of the case and gave to appellant a hearing before the jury, upon her only defense. If there had been facts conducing to show that the appellee was transacting a general business of insurance within the state by having contracts executed in Ohio, the question presented by counsel for the appellant would have been considered.

Judgment affirmed.

*Webster, for appellant.*

*Hawkins, for appellee.*